Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com

*Attorneys for Donna Hartman and the putative Plaintiff Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HARTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>WISNER BAUM, LLP,<br><br>Defendants. | Case No. 2:26-cv-01017<br><br>**PLAINTIFFS' MOTION FOR CONSOLIDATION** |
| MATTHEW RUTLEDGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>WISNER BAUM, LLP,<br><br>Defendants. | Case No. 2:26-cv-01033 |

|   |   |   |
|---|---|---|
| ERIC DENNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>WISNER BAUM, LLP,<br><br>Defendants. | Case No. 2:26-cv-01075 |
| MAX WINER, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>WISNER BAUM, LLP,<br><br>Defendants. | Case No. 2:26-cv-01157 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rule of Civil Procedure Rule 42(a), Plaintiff Donna Hartman, Plaintiff in *Donna Hartman v. Wisner Baum. LLP,* (Central District of California, Case No. 2:26-cv-01017), Plaintiff Matthew Rutledge, Plaintiff in *Matthew Rutledge v. Wisner Baum. LLP,* (Central District of California, Case No. 2:26-cv-01033), and Plaintiff Eric Denney, Plaintiff in *Eric Denney v. Wisner Baum, LLP* (Central District of California, Case No. 22:26-cv-01075) (collectively "Plaintiffs") jointly move this Court for an Order consolidating these actions into the *Hartman* action. In support of this request, Plaintiffs submit the below brief filed herewith.

Plaintiffs request the Court grant the Motion, consolidate the Related Cases, and grant any additional relief it deems proper.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

| | |
|---|---|
| Dated: February 9, 2026 | Respectfully submitted, |

/s/ Scott Edward Cole
Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com

*Attorneys for Plaintiff Donna Hartman and the putative Plaintiff Class*

Jason M. Wucetich (SBN 222113)
Email: jason@wukolaw.com
Dimitrios V. Korovilas (SBN 247230)
Email: dimitri@wukolaw.com
**WUCETICH & KOROVILAS LLP**
222 N. PCH Blvd., Ste. 2000
El Segundo, CA 90245
Telephone: 310-335-2001

*Attorneys for Plaintiff Matthew Rutledge and the putative Plaintiff Class*

Andrew G. Gunem (SBN 354042)
agunem@straussborrelli.com
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

*Attorneys for Plaintiff Eric Denney and the putative Plaintiff Class*

Eric Lechtzin (I.D. # 248958)
Marc H. Edelson (Pro Hac Vice anticipated)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com
medelson@edelson-law.com

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-iii-

MOTION FOR CONSOLIDATION
Case No.: 2:26-cv-01017

*Attorneys for Plaintiff Max Winer and the putative Plaintiff Class*

# MEMORANDUM OF LAW

## I. INTRODUCTION

Pending before this Court are four cases separately filed against Defendant: *Donna Hartman v. Wisner Baum. LLP*, (Central District of California, Case No. 2:26-cv-01017), *Matthew Rutledge v. Wisner Baum. LLP*, (Central District of California, Case No. 2:26-cv-01033), *Eric Denney v. Wisner Baum, LLP* (Central District of California, Case No. 2:26-cv-01075) and *Max Winer v. Wisner Baum, LLP*, (Central District of California, Case No. 2:26-cv-01157) (cases collectively "Related Cases").[1] Consolidation of the Related Cases under Fed. R. Civ. P. 42(a)(2) is warranted as the Related Cases are against the same Defendant and allege similar facts and legal claims arising out of the same course of conduct. Consolidation will enable this Court to conduct proceedings in one combined action, ensuring that the Related Cases are adjudicated efficiently, and avoiding duplication of pre-trial proceedings, the risk of inconsistent rulings, and duplicative discovery.

## I. BACKGROUND

Defendant is a national class action law firm with a principal place of business located in Los Angeles, California. As a regular and necessary part of its business, Defendant collects, maintains, and stores sensitive and non-public data pertaining to the information of its clients. Here, Defendant obtained, digitized, aggregated, maintained, and stored a substantial amount of protected health information ("PHI") and personally identifiable information ("PII") of Plaintiffs and class members, including but not limited to, names, Social Security numbers, dates of birth and health and medical treatment information, account information and/or other personal information.

## II. PROCEDURAL HISTORY

1. On January 30, 2026, Cole & Van Note filed the first case on behalf of

---

[1] For purposes of this motion, "Defendant" refers to all of the defendants named in all of the complaints filed in the Related Cases.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Plaintiff Donna Hartman, Case No. 2:26-cv-01017.

2. On February 2, 2026, Wucetich & Korovilas LLP filed the second case on behalf of Plaintiff Matthew Rutledge, Case No. 2:26-cv-01033.

3. On February 2, 2026, Strauss Borrelli PLLC filed the third case on behalf of Plaintiff Eric Denney, Case No. 2:26-cv-01075.

4. On February 4, 2026, Edelson Lechtzin LLP filed the fourth case on behalf of Plaintiff Max Winer, Case No. 2:26-cv-01157.

## III.  LEGAL STANDARD

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "'The district court has broad discretion under this rule to consolidate cases pending in the same district.'" *Gaspard v. DEA Task Force*, No. ED CV 15-01802-VBF-KES, 2019 WL 856859, at *2 (C.D.Cal. Jan. 24, 2019) (quoting *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989)). *See also Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). "[T]ypically, consolidation is favored." *In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D.Cal. 2012) (quoting *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D.Cal. 1984)).

## IV.  ARGUMENT

### A. The Related Cases Share Common Facts and Law

"[T]he main question for a court in deciding whether to consolidate is whether there is a common question of law or fact." *Ind. State Dist. Council of Laborers & HOD Carriers Pension Fund v. Gecht*, Nos. C-06-7274 EMC, C-06-7453 EMC, C-07-0698 EMC, 2007 WL 902554, at *1 (N.D.Cal. Mar. 22, 2007).

Here, consolidation of the Related Cases is warranted as the Related Cases arise out of Defendant's failure to properly secure and protect Plaintiffs' and putative

class members' (the "Class") PHI/PII from foreseeable cyber threats, resulting in theft of the Plaintiffs' and class members' PHI/PII on the dark web. As a result of Defendant's failure to provide reasonable and adequate data security, Plaintiffs' and the Class' unencrypted, non-redacted PII has been exposed to unauthorized third parties ("Data Breach"). Plaintiffs and the Class are now at much higher risk of identity theft and cybercrimes of all kinds, especially considering the highly sensitive PII stolen here and the fact that the compromised PII is likely already being sold on the dark web. This risk constitutes a concrete injury suffered by Plaintiffs and the Class as they no longer have control over their PII, which is now in the hands of third-party cybercriminals. This substantial and imminent risk of identity theft has been recognized by numerous courts as a concrete injury sufficient to establish standing.

Plaintiffs in all four actions allege that they are victims of the Data Breach that occurred on or around October 8 or 9, 2025. Plaintiffs each bring claims against Defendant based on allegations regarding this Data Breach. The actions seek to hold Defendant liable for the security incident, based on allegations concerning Defendant's data security practices with respect to Plaintiffs' PII. The actions also seek the same or overlapping relief. Additionally, the putative classes in each case also overlap. Plaintiffs seek to represent a nationwide class of persons whose data was allegedly compromised in the Data Breach.

The Related Cases present the same factual and legal questions with respect to the formation of a duty and breach of that duty, involve the same Defendant, and involve the same Data Breach. Further, all four actions identify the same causal connection between Plaintiffs' injury and damages and concern the same alleged course of conduct related to the same Data Breach.

### B. Consolidation Would Promote the Interests of Judicial Efficiency

"The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common

aspects of law or fact." *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *2 (N.D.Cal. Feb. 24, 2006). Further, consolidation serves "to avoid inconsistent adjudications." *Team Enters., LLC v. W. Inv. Real Estate Trust*, Nos. 1:08-cv-00872-LJO-SMS, 1:08-cv-01050-LJO-SMS, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008); *see also Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *2 (C.D.Cal. May 2, 2006) ("Because the relevant allegations are the same in each of the related actions, and many of the related actions involve common legal questions, consolidation would promote efficiency and avoid duplication . . .").

Federal courts have often recognized that class actions, such as those involved here, "are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned." *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775-BAS(JLB), 2014 WL 12696519, at *2 (S.D.Cal. Sept. 25, 2014). Other benefits of consolidation are that it "facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Id.*

Consolidating the Related Cases—and any later filed or removed cases—will streamline and organize this litigation, allowing the Court to efficiently resolve the nearly identical legal and factual issues. *See In re Oreck*, 282 F.R.D. at 490 ("consolidation serves the interests of judicial economy by promoting efficiency and saving time for purposes of pretrial discovery and motion practice"). Consolidation will avoid duplication during discovery as the Related Cases will involve the same relevant documents and the same individuals from the Defendant will be deposed. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *See generally Diaz*, 2014 WL 12696519, at *3–4 (consolidating two consumer class actions that were brought by

the same counsel on behalf of substantially the same classes based on substantially the same allegations and claims).

### C. Consolidation Would Not Cause Any Prejudice or Confusion

When determining whether to consolidate actions, the Court should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D.Cal. 1989) ("weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation"). In deciding whether to consolidate cases, a court should consider:

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

*Id.* (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief and are in a similar procedural posture. Further, as the Related Cases are all in their infancy—each remains in the initial pleadings stage, and no responses have been filed to any complaint. *See In re Oreck*, at 491 (consolidating related actions after noting that "factors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here").

## V. CONCLUSION

Because consolidation here serves the interest and convenience of the parties, the class, and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Cases, Plaintiffs respectfully request the Court enter an Order consolidating the Related Cases.

Dated: February 9, 2026                    Respectfully submitted,

/s/ Scott Edward Cole
Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:      sec@colevannote.com
Email:      lvn@colevannote.com
Email:      mtf@colevannote.com

*Attorneys for Plaintiff Donna Hartman and the putative Plaintiff Class*

Jason M. Wucetich (SBN 222113)
Email: jason@wukolaw.com
Dimitrios V. Korovilas (SBN 247230)
Email: dimitri@wukolaw.com
**WUCETICH & KOROVILAS LLP**
222 N. PCH Blvd., Ste. 2000
El Segundo, CA 90245
Telephone: 310-335-2001

*Attorneys for Plaintiff Matthew Rutledge and the putative Plaintiff Class*

Andrew G. Gunem (SBN 354042)
agunem@straussborrelli.com
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

*Attorneys for Plaintiff Eric Denney and the putative Plaintiff Class*

Eric Lechtzin (I.D. # 248958)
Marc H. Edelson (Pro Hac Vice anticipated)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com
medelson@edelson-law.com

*Attorneys for Plaintiff Max Winer and the putative Plaintiff Class*

-7-

MOTION TO CONSOLIDATE
Case No.: 2:26-cv-01017

# CERTIFICATE OF SERVICE

I hereby certify that, on February 9, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Scott Edward Cole*
Scott Edward Cole

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-8-

MOTION TO CONSOLIDATE
Case No.: 2:26-cv-01017