Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:  (510) 891-9800
Facsimile:   (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com
Email: legaldept@colevannote.com

*Attorneys for Representative Plaintiffs*
*and the Plaintiff Classes*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HARTMAN, MATTHEW RUTLEDGE, ERIC DENNEY, MAX WINER, JULIA WIEAND, and RAFAEL HERNANDEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WISNER BAUM, LLP<br><br>Defendant. | Case No. 2:26-cv-01017<br><br>**CLASS ACTION**<br><br>**CONSOLIDATED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Representative Plaintiffs Donna Hartman, Matthew Rutledge, Eric Denney, Max Winer, Julia Wieand and Rafael Hernandez, on behalf of his minor child, D.H. ("Representative Plaintiffs") bring this class action against Defendant Wisner Baum, LLP ("Defendant") for its failure to properly secure and safeguard Representative Plaintiffs' and/or Class Members' personally identifiable information stored within Defendant's information network, including, without

limitation, names, Social Security numbers, driver's license numbers, financial account information (including bank account numbers and routing numbers), and medical information. (these types of information, *inter alia*, being thereafter referred to, collectively, as "personally identifiable information" or "PII"[1] and "protected health information" or "PHI"[2]). All such information is referred to in the aggregate herein as "Private Information."

2.     With this action, Representative Plaintiffs seek to hold Defendant responsible for the harms it caused and will continue to cause Representative Plaintiffs and thousands of other similarly situated persons in the massive and preventable cyberattack purportedly discovered by Defendant on October 9, 2025, by which cybercriminals infiltrated Defendant's inadequately protected network and accessed the Private Information which was being kept under-protected (the "Data Breach").

3.     Representative Plaintiffs further seek to hold Defendant responsible for not ensuring that the Private Information was maintained in a manner consistent with industry, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule (45 CFR, Part 160 and Parts A and E of Part 164), the HIPAA Security Rule (45 CFR Part 160 and Subparts A and C of Part 164) and other relevant standards.

[1] Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers, etc.).

[2] Protected health information ("PHI") is a category of information that refers to an individual's medical records and history, which is protected under the Health Insurance Portability and Accountability Act. *Inter alia*, PHI includes test results, procedure descriptions, diagnoses, personal or family medical histories and data points applied to a set of demographic information for a particular patient.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

4. While Defendant claims to have discovered the breach as early as October 9, 2025, Defendant did not begin informing victims of the Data Breach until January 23, 2026, in which Defendant stated that "an unauthorized third party accessed our network between October 8 and October 9, 2025, and may have obtained certain files." Indeed, Representative Plaintiffs and Class Members were wholly unaware of the Data Breach until they received letters from Defendant informing them of it.

5. Defendant acquired, collected and stored Representative Plaintiffs' and Class Members' Private Information. Therefore, at all relevant times, Defendant knew or should have known that Representative Plaintiffs and Class Members would use Defendant's services to store and/or share sensitive data, including highly confidential Private Information.

6. Defendant disregarded the rights of Representative Plaintiffs and Class Members by intentionally, willfully, recklessly and/or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiffs' and Class Members' Private Information was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, Representative Plaintiffs' and Class Members' Private Information was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party seeking to profit off this disclosure by defrauding Representative Plaintiffs and Class Members in the future. Representative Plaintiffs and Class Members have a continuing interest in ensuring their information is and remains safe and are entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction

over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed classes and at least one other Class Member is a citizen of a state different from Defendant.

8. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

9. Defendant is headquartered and routinely conducts business in the State where this District is located, has sufficient minimum contacts in this State and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

10. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Representative Plaintiffs' claims took place within this District, and Defendant does business in this Judicial District.

## PLAINTIFFS

### Representative Plaintiff Donna Hartman

11. Representative Plaintiff Donna Hartman is an adult individual and, at all relevant times herein, a resident and citizen of the State of Missouri. Representative Plaintiff Hartman is a victim of the Data Breach.

12. Defendant received highly sensitive Private Information from Plaintiff Hartman in connection with the services Plaintiff Hartman received from Defendant. As a result, Plaintiff Harman's information was among the data accessed by an unauthorized third party in the Data Breach.

13. At all times herein relevant, Plaintiff Hartman is and was a member of the Nationwide Class.

14. Plaintiff Hartman's Private Information was exposed in the Data Breach because Defendant stored and/or shared Plaintiff Hartman's Private

Information. Plaintiff Hartman's Private Information was within the possession and control of Defendant at the time of the Data Breach.

15. Plaintiff Hartman's received a letter from Defendant on January 23, 2026, stating Plaintiff Hartman's Private Information was involved in the Data Breach (the "Notice").

16. As a result, Plaintiff Hartman spent time, and continues to spend time, dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring Plaintiff Hartman's accounts and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

17. Plaintiff Hartman suffered actual injury in the form of damages to and diminution in the value of her Private Information—a form of intangible property that Plaintiff Hartman entrusted to Defendant, which was compromised in and as a result of the Data Breach.

18. Plaintiff Hartman began receiving an excessive number of spam calls, texts, emails, and letters. This spam is a distraction, must be deleted, and waste time each day. Given the timing of the Data Breach, she believes that spam is related to her stolen Private Information.

19. Plaintiff Hartman suffered lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Plaintiff Hartman's Private Information.

20. Plaintiff Hartman suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from her Private Information being placed in the hands of unauthorized third parties/criminals. Plaintiff Hartman has a continuing interest in ensuring that her

CONSOLIDATED COMPLAINT

Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

***Representative Plaintiff Matthew Rutledge***

21. Representative Plaintiff Matthew Rutledge is an adult individual and, at all relevant times herein, a resident and citizen of the State of California. Representative Plaintiff Rutledge is a victim of the Data Breach.

22. Defendant received highly sensitive Private Information from Plaintiff Rutledge in connection with the services Plaintiff Rutledge received from Defendant. As a result, Plaintiff Rutledge's information was among the data accessed by an unauthorized third party in the Data Breach.

23. At all times herein relevant, Plaintiff Rutledge is and was a member of the Nationwide Class and California subclass.

24. Plaintiff Rutledge's Private Information was exposed in the Data Breach because Defendant stored and/or shared Plaintiff Rutledge's Private Information. Plaintiff Rutledge's Private Information was within the possession and control of Defendant at the time of the Data Breach.

25. Plaintiff Rutledge received a letter from Defendant on January 23, 2026, stating Plaintiff Rutledge's Private Information was involved in the Data Breach (the "Notice").

26. As a result, Plaintiff Rutledge spent time, and continues to spend time, dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring Plaintiff Rutledge's accounts and seeking legal counsel regarding his options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

27. Plaintiff Rutledge suffered actual injury in the form of damages to and diminution in the value of his Private Information—a form of intangible property

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

that Plaintiff Rutledge entrusted to Defendant, which was compromised in and as a result of the Data Breach.

28.    Plaintiff Rutledge began receiving an excessive number of spam calls, texts, emails, and letters. This spam is a distraction, must be deleted, and waste time each day. Given the timing of the Data Breach, he believes that spam is related to his stolen Private Information.

29.    Plaintiff Rutledge suffered lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Plaintiff Rutledge's Private Information.

30.    Plaintiff Rutledge suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from his Private Information being placed in the hands of unauthorized third parties/criminals. Plaintiff Rutledge has a continuing interest in ensuring that his Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

*Representative Plaintiff Eric Denney*

31.    Representative Plaintiff Eric Denney is an adult individual and, at all relevant times herein, a resident and citizen of the State of Utah. Representative Plaintiff Denney is a victim of the Data Breach.

32.    Defendant received highly sensitive Private Information from Plaintiff Denney in connection with the services Plaintiff Denney received from Defendant. As a result, Plaintiff Denney's information was among the data accessed by an unauthorized third party in the Data Breach.

33.    At all times herein relevant, Plaintiff Denney is and was a member of the Nationwide Class.

34.    Plaintiff Denney's Private Information was exposed in the Data Breach because Defendant stored and/or shared Plaintiff Denney's Private Information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Plaintiff Denney's Private Information was within the possession and control of Defendant at the time of the Data Breach.

35. Plaintiff Denney received a letter from Defendant dated January 23, 2026, stating Plaintiff Denney's Private Information was involved in the Data Breach (the "Notice").

36. As a result, Plaintiff Denney spent time, and continues to spend time, dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, self-monitoring his accounts and seeking legal counsel regarding his options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured. In total, Plaintiff Denney has lost at least two (2) hours.

37. Plaintiff Denney suffered actual injury in the form of damages to and diminution in the value of his Private Information—a form of intangible property that Plaintiff Denney entrusted to Defendant, which was compromised in and as a result of the Data Breach.

38. Plaintiff Denney began receiving an excessive number of spam calls and texts. This spam is a distraction, must be deleted, and waste time each day. Given the timing of the Data Breach, she believes that spam is related to his stolen Private Information.

39. Plaintiff Denney suffered lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Plaintiff Denney's Private Information.

40. Plaintiff Denney suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from his Private Information being placed in the hands of unauthorized third parties/criminals. Plaintiff Denney has a continuing interest in ensuring that his

Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

***Representative Plaintiff Julia Wieand***

41. Representative Plaintiff Julia Wieand is an adult individual and, at all relevant times herein, a resident and citizen of the State of Nevada. Representative Plaintiff Wieand is a victim of the Data Breach.

42. Defendant received highly sensitive Private Information from Plaintiff Wieand in connection with the services Plaintiff Wieand received from Defendant. As a result, Plaintiff Wieand's information was among the data accessed by an unauthorized third party in the Data Breach.

43. At all times herein relevant, Plaintiff Wieand is and was a member of the Nationwide Class.

44. Plaintiff Wieand's Private Information was exposed in the Data Breach because Defendant stored and/or shared Plaintiff Wieand's Private Information. Plaintiff Wieand's Private Information was within the possession and control of Defendant at the time of the Data Breach.

45. Plaintiff Wieand received a letter from Defendant dated January 23, 2026, stating Plaintiff Wieand's Private Information was involved in the Data Breach (the "Notice").

46. As a result, Plaintiff Wieand spent time, and continues to spend time, dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, self-monitoring her accounts and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured. In total, Plaintiff Wieand has lost at least two (2) hours.

47. Plaintiff Wieand suffered actual injury in the form of damages to and diminution in the value of her Private Information—a form of intangible property

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

that Plaintiff Wieand entrusted to Defendant, which was compromised in and as a result of the Data Breach.

48.    Plaintiff Wieand began receiving an excessive number of spam calls and texts. This spam is a distraction, must be deleted, and waste time each day. Given the timing of the Data Breach, she believes that spam is related to her stolen Private Information.

49.    Plaintiff Wieand suffered lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Plaintiff Wieand's Private Information.

50.    Plaintiff Wieand suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from her Private Information being placed in the hands of unauthorized third parties/criminals. Plaintiff Wieand has a continuing interest in ensuring that her Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

*Representative Plaintiff Max Winer*

51.    Representative Plaintiff Max Winer is an adult individual and, at all relevant times herein, a resident and citizen of the State of Maryland. Plaintiff Winer's Private Information was stored and handled on Defendant's network systems. Accordingly, he is a Data Breach victim.

52.    Plaintiff Max Winer provided Defendant with his Private Information and trusted Defendant would use reasonable measures to protect it according to its internal policies, as well as state and federal law. Defendant obtained and continue to maintain Plaintiff's Private Information and has a continuing legal duty and obligation to protect that Private Information from unauthorized access and disclosure.

53.    Plaintiff Winer reasonably understood that a portion of the funds paid

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-10-
CONSOLIDATED COMPLAINT

to Defendant would be used to pay for adequate cybersecurity and protection of Private Information.

54.    On information and belief, Plaintiff Winer's Private Information was accessed and stolen in the Data Breach and has already been published, or will be published imminently, by cybercriminals on the Dark Web.

55.    Plaintiff Winer has spent, and will continue to spend, significant time and effort monitoring his accounts to protect himself from identity theft. After all, Defendant directed Plaintiff Winer to take those steps in its Notice Letter.

56.    Since the Data Breach, Plaintiff Winer has been notified that his Social Security number and certain personal information are for sale on the dark web. Plaintiff Winer has taken steps to protect his Private Information including purchasing comprehensive data monitoring and identity theft insurance and freezing his credit reports. Plaintiff Winer has recently had his credit card number compromised and experienced a spike in spam and scam phone calls.

57.    Plaintiff Winer fears for his personal financial security and worries about what information was exposed in the Data Breach.

58.    Because of Defendant's Data Breach, Plaintiff Winer has suffered, and will continue to suffer from, anxiety, sleep disruption, stress, fear, and frustration. Such injuries go far beyond allegations of mere worry or inconvenience. Rather, Plaintiff Winer's injuries are precisely the type of injuries that the law contemplates and addresses.

59.    Plaintiff Winer suffered actual injury from the exposure and theft of his Private Information, which violates his rights to privacy.

60.    Plaintiff Winer suffered actual injury in the form of damages to and diminution in the value of his Private Information. After all, Private Information is a form of intangible property which Defendant was required to adequately protect.

61.    Plaintiff Winer suffered imminent and impending injury arising from the substantially increased risk of fraud, misuse, and identity theft, all because

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

CONSOLIDATED COMPLAINT

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Defendant's Data Breach placed Plaintiff's Private Information in the hands of criminals.

62. Because of the Data Breach, Plaintiff Winer anticipates spending considerable amounts of time and money to try and mitigate his injuries.

63. Today, Plaintiff Winer has a continuing interest in ensuring that his Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from additional breaches.

***Representative Plaintiff Rafael Hernandez***

64. Representative Plaintiff Rafael Hernandez is an adult individual and, at all relevant times herein, a resident and citizen of the State of Florida.

65. Defendant received highly sensitive Private Information from Plaintiff Hernandez in connection with the services Plaintiff Hernandez received from Defendant. As a result, Plaintiff Hernandez's minor child D.H.'s information was among the data accessed by an unauthorized third party in the Data Breach.

66. Plaintiff Hernandez provided Defendant with his child's Private Information and trusted Defendant would use reasonable measures to protect it according to its internal policies, as well as state and federal law. Defendant obtained and continue to maintain Plaintiff Hernandez's child's Private Information and has a continuing legal duty and obligation to protect that Private Information from unauthorized access and disclosure.

67. Plaintiff Hernandez received a Notice Letter from Defendant dated January 23, 2026, on or about that date.

68. The Notice of Data Breach Letter informed Plaintiff that an unauthorized party accessed Plaintiff's minor child's Private Information, including the child's name, Social Security number, and medical information.

69. Plaintiff Hernandez is very careful about sharing his child's Private Information. Plaintiff Hernandez has never knowingly transmitted unencrypted sensitive PII over the internet or any other unsecured source. Plaintiff Hernandez

stores any documents containing his and his child's sensitive PII in a safe and secure location or destroys the documents.

70.    Plaintiff Hernandez only allowed Defendant to maintain, store, and use his child's Private Information because he believed that Defendant would use basic security measures to protect the Private Information, such as requiring passwords and multi-factor authentication to access databases storing his Private Information.

71.    Plaintiff Hernandez suffered injury from a loss of privacy the moment that his child's Private Information was accessed and exfiltrated by a third party without authorization.

72.    Recognizing the substantial risk D.H. faces, Defendant provided Plaintiff Hernandez and his minor child with a twelve-month subscription to a credit monitoring service.

73.    Since learning of the Data Breach, Plaintiff Hernandez has spent a significant amount of time freezing his and his child's accounts, and reviewing bank statements, credit cards, and credit monitoring applications for any fraud or suspicious activity.

74.    The Data Breach has caused Plaintiff Hernandez to suffer significant fear, anxiety, and stress. Plaintiff Hernandez has lost sleep thinking about all the ways the Private Information that was exposed can be used to commit fraud and identity theft against both him and his child D.H.

75.    The risk from the Data Breach has caused Plaintiff Hernandez to spend significant time dealing with issues related to the Data Breach, which includes time spent verifying the legitimacy of the Notice of Data Breach, and self-monitoring his and his child's accounts and credit reports to ensure no fraudulent activity has occurred. This time, which has been lost forever and cannot be recaptured, was spent at Defendant's direction.

76.    Plaintiff Hernandez plans on taking additional time-consuming, yet necessary, steps to help mitigate the harm caused by the Data Breach and has an

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-13-
CONSOLIDATED COMPLAINT

ongoing interest in ensuring that the Private Information that remains in Defendant's control is adequately protected from future cyber threats.

## DEFENDANT

77.    Defendant Wisner Baum, LLP is a limited liability partnership formed under the laws of California and with its principal place of business at 11111 Santa Monica, Blvd Suite 1750, Los Angeles, California 90025.

78.    Defendant is a national law firm with locations in California and Washington, D.C.[3]

79.    The true names and capacities of persons or entities, whether individual, corporate, associate or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiffs. Representative Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of such responsible parties when their identities become known.

## CLASS ACTION ALLEGATIONS

80.    Representative Plaintiffs bring this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Representative Plaintiffs and the following classes (collectively, the "Classes"):

**Nationwide Class:**
"All individuals within the United States of America whose Private Information was exposed to unauthorized third parties as a result of the data breach allegedly discovered by Defendant on or before October 9, 2025."

**California Subclass:**
"All individuals within the State of California whose Private Information was exposed to unauthorized third parties as a result of the data breach allegedly discovered by Defendant on or before October 9, 2025."

81.    Excluded from the Classes are the following individuals and/or entities:

_____
[3] *Home Page*, WISNER BAUM, https://www.wisnerbaum.com/ (last visited March 31, 2026).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-14-
CONSOLIDATED COMPLAINT

Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors and any entity in which Defendant has a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state or local governments, including, but not limited to, its departments, agencies, divisions, bureaus, boards, sections, groups, counsel and/or subdivisions, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

82.    In the alternative, Representative Plaintiffs may request additional subclasses as necessary based, e.g., on the types of Private Information that were compromised.

83.    Representative Plaintiffs reserve the right to amend the above definition or to propose subclasses in subsequent pleadings and its motion for class certification.

84.    This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed Classes are easily ascertainable.

    a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Membership in the Classes will be determined by analysis of Defendant's records.

    b.    <u>Commonality</u>: Representative Plaintiffs and Class Members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1)    Whether Defendant had a legal duty to Representative Plaintiffs and the Classes to exercise due care in collecting, storing, using and/or safeguarding their Private Information;

        2)    Whether Defendant knew or should have known of the susceptibility of its data security systems to a data breach;

        3)    Whether Defendant's security procedures and practices to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

CONSOLIDATED COMPLAINT

protect its systems were reasonable in light of the measures recommended by data security experts;

4) Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;

5) Whether Defendant failed to comply with its own policies and applicable laws, regulations and industry standards relating to data security;

6) Whether Defendant adequately, promptly and accurately informed Representative Plaintiffs and Class Members that their Private Information had been compromised;

7) How and when Defendant actually learned of the Data Breach;

8) Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of Representative Plaintiffs' and Class Members' Private Information;

9) Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10) Whether Defendant engaged in unfair, unlawful or deceptive practices by failing to safeguard Representative Plaintiffs' and Class Members' Private Information;

11) Whether Representative Plaintiffs and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct; and

12) Whether Representative Plaintiffs and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c. <u>Typicality</u>: Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Representative Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. <u>Adequacy of Representation</u>: Representative Plaintiffs in this class action are adequate representatives of each of the Plaintiff Classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entireties. Representative Plaintiffs anticipate no management difficulties

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

in this litigation.

e.  <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

85.    Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

86.    This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Classes in their entirety. Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiffs' challenge of these policies and practices hinges on Defendant's conduct with respect to the Classes in their entirety, not on facts or law applicable only to Representative Plaintiffs.

87.    Unless Class-wide injunctions are issued, Defendant may continue in its failure to properly secure the Private Information of Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

88.    Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## COMMON FACTUAL ALLEGATIONS

**The Cyberattack**

89.   In the course of the Data Breach, one or more unauthorized third parties accessed Class Members' Private Information. Representative Plaintiffs were among the individuals whose data was accessed in the Data Breach.

90.   According to the Data Breach Notification and/or publicly filed documents, Representative Plaintiffs state, on information and belief, that thousands of persons were affected by the Data Breach.

91.   Representative Plaintiffs were provided the information detailed above upon Representative Plaintiffs' receipt of letters from Defendant. Representative Plaintiffs were not aware of the Data Breach until receiving those letters.

92.   Thus far, Defendant has admitted that:

   a.   "Wisner Baum determined that an unauthorized party gained access to its IT network and may have acquired files maintained on certain computer systems between October 8, 2025 and October 9, 2025."[4]

   b.   "On December 15, 2025, Wisner Baum determined that certain files potentially acquired as a result of the incident contain information pertaining to certain clients and other affiliated individuals."[5]

93.   The precise scope of the Data Breach is unclear. For example, Defendant reported to the Oregon Attorney General that 28,823 people were impacted.[6] However, Defendant reported to the Indiana Attorney General that only 16,922 people were impacted.[7]

94.   Thus far, Defendant has admitted that the types of Private Information

---

[4] *Data Breach Notification*, MAINE ATTY GEN (Jan. 23, 2026) https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/c37cb0a9-e776-4862-9a33-20473ce33090.html.

[5] *Id*.

[6] *Search Data Breaches*, OREGON ATTY GEN (Jan. 23, 2026) https://justice.oregon.gov/consumer/databreach/.

[7] *Data Breach Report*, INDIANA ATTY GEN (Jan. 23, 2026) https://www.in.gov/attorneygeneral/consumer-protection-division/id-theft-prevention/files/DB-YeartoDate-Report-3_2026.pdf.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

exposed in the Data Breach include at least the following:

a.   names;

b.   Social Security numbers;

c.   driver's license numbers;

d.   financial account information (including bank account numbers and routing numbers); and

e.   medical information.[8]

95.   Notably, Defendant has acknowledged the substantial risks created by its Data Breach, and has warned Plaintiffs and Class Members that:

a.   "We encourage you to stay alert by reviewing your bank and credit card statements and checking your credit reports."[9]

b.   "If you see anything out of the ordinary, please contact your financial institutions right away."[10]

c.   "You may obtain a copy of your credit report, free of charge, once every 12 months from each of the three nationwide credit reporting companies. To order your annual free credit report, please visit www.annualcreditreport.com or call toll free at 1-877-322-8228."[11]

d.   "If you believe you are the victim of identity theft or have reason to believe your personal information has been misused, you should immediately contact the Federal Trade Commission and/or the Attorney General's office in your state. You can obtain information from these sources about steps an individual can take to avoid identity theft as well as information about fraud alerts and security freezes."[12]

96.   To make matters worse, Defendant "became aware of the incident on October 9, 2025" but delayed providing notice until January 23, 2026—i.e., a full 106 days after Defendant discovered its Data Breach.

---

[8] *Data Breach Notification*, MAINE ATTY GEN (Jan. 23, 2026) https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/c37cb0a9-e776-4862-9a33-20473ce33090.html.

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] *Id*.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

97.    In doing so, Defendant kept the Classes in the dark—thereby depriving the Classes of the opportunity to try and mitigate their injuries in a timely manner.

**Defendant's Failed Response to the Breach**

98.    Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiffs' and Class Members' Private Information with the intent of misusing the Private Information, including marketing and selling Representative Plaintiffs' and Class Members' Private Information.

99.    Not until long after it claims to have discovered the Data Breach did Defendant begin sending the Notice to persons whose Private Information Defendant confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendant's recommended next steps.

100.    Representative Plaintiffs and Class Members were required to provide their Private Information to Defendant in order to receive employment. Thus, Defendant created, collected and stored Representative Plaintiffs' and Class Members' Private Information with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access

101.    Despite this, Representative Plaintiffs and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used and what steps are being taken, if any, to secure their Private Information going forward. Representative Plaintiffs and Class Members are, thus, left to speculate as to where their Private Information ended up, who has used it and for what potentially nefarious purposes. Indeed, they are left to further speculate as to the full impact of the Data Breach and how exactly Defendant intends to enhance its information security systems and monitoring capabilities so as to prevent further breaches.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

102. Representative Plaintiffs' and Class Members' Private Information may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed Private Information for targeted marketing without Representative Plaintiffs' and/or Class Members' approval. Either way, unauthorized individuals can now easily access Representative Plaintiffs' and Class Members' Private Information.

**Defendant Collected/Stored Class Members' Private Information**

103. Defendant acquired, collected, stored and assured reasonable security over Representative Plaintiffs' and Class Members' Private Information.

104. As a condition of its relationships with Representative Plaintiffs and Class Members, Defendant required that Representative Plaintiffs and Class Members entrust Defendant with highly sensitive and confidential Private Information. Defendant, in turn, stored that information on Defendant's system that was ultimately affected by the Data Breach.

105. By obtaining, collecting and storing Representative Plaintiffs' and Class Members' Private Information, Defendant assumed legal and equitable duties over the Private Information and knew or should have known that it was thereafter responsible for protecting Representative Plaintiffs' and Class Members' Private Information from unauthorized disclosure.

106. Representative Plaintiffs and Class Members have taken reasonable steps to maintain their Private Information's confidentiality. Representative Plaintiffs and Class Members relied on Defendant to keep their Private Information confidential and securely maintained, to use this information for business purposes only and to make only authorized disclosures of this information.

107. Defendant could have prevented the Data Breach by properly securing and encrypting and/or more securely encrypting its servers generally, as well as Representative Plaintiffs' and Class Members' Private Information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-21-
CONSOLIDATED COMPLAINT

108. Defendant's negligence in safeguarding Representative Plaintiffs' and Class Members' Private Information is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

109. Due to the high-profile nature of these breaches, and other breaches of its kind, Defendant was and/or certainly should have been on notice and aware of such attacks occurring in its industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendant is a large, sophisticated operation with the resources to put adequate data security protocols in place.

110. And yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Representative Plaintiffs' and Class Members' Private Information from being compromised.

**Defendant Had an Obligation to Protect the Stolen Information**

111. In failing to adequately secure Representative Plaintiffs' and Class Member's sensitive data, Defendant breached duties it owed Representative Plaintiffs and Class Members under statutory and common law.

112. Indeed, Defendant advertises in its "Privacy Policy" that:

a. "We retain personal information for as long as necessary to fulfill the purposes outlined in this Privacy Policy, unless a longer retention period is required or permitted by law."[13]

b. "We implement reasonable security measures designed to protect personal information from unauthorized access, use, alteration, and disclosure. These measures include: Encryption of data in transit (SSL/TLS)[;] Secure data storage with access controls[;] Regular security assessments and updates[; and] Employee training on data protection[.]"[14]

---

[13] *Privacy Policy*, WISNER BAUM, https://www.wisnerbaum.com/privacy-policy/ (last visited March 31, 2026).

[14] *Id*.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

    c.    "In the event of a data breach involving your personal information, we will notify you in accordance with California Civil Code § 1798.82 and other applicable laws."[15]

    d.    "Notification will be provided without unreasonable delay and in the most expedient time possible[.]"[16]

113. Representative Plaintiffs and Class Members surrendered their highly sensitive Private Information to Defendant under the implied condition that Defendant would keep it private and secure. Accordingly, Defendant also has an implied duty to safeguard their Private Information, independent of any statute.

114. Defendant was also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g., FTC v. Wyndham Worldwide Corp*., 799 F.3d 236 (3d Cir. 2015).

115. In addition to its obligations under federal and state laws, Defendant owed a duty to Representative Plaintiffs and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the Private Information in Defendant's possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendant owed a duty to Representative Plaintiffs and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks and protocols adequately protected Representative Plaintiffs' and Class Members' Private Information.

116. Defendant owed a duty to Representative Plaintiffs and Class Members to design, maintain and test its computer systems, servers and networks to ensure

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

---

[15] *Id*.

[16] *Id*.

that all Private Information in its possession was adequately secured and protected.

117.    Defendant owed a duty to Representative Plaintiffs and Class Members to create and implement reasonable data security practices and procedures to protect all Private Information in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

118.    Defendant owed a duty to Representative Plaintiffs and Class Members to implement processes that would immediately detect a breach of its data security systems in a timely manner.

119.    Defendant owed a duty to Representative Plaintiffs and Class Members to act upon data security warnings and alerts in a timely fashion.

120.    Defendant owed a duty to Representative Plaintiffs and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' Private Information from theft because such an inadequacy would be a material fact in the decision to entrust their Private Information to Defendant.

121.    Defendant owed a duty of care to Representative Plaintiffs and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

122.    Defendant owed a duty to Representative Plaintiffs and Class Members to encrypt and/or more reliably encrypt Representative Plaintiffs' and Class Members' Private Information and monitor user behavior and activity in order to identity possible threats.

**Value of the Relevant Sensitive Information**

123.    While the greater efficiency of electronic health records translates to cost savings for providers, it also comes with the risk of privacy breaches. These electronic health records contain a plethora of sensitive information (e.g., patient data, patient diagnosis, lab results, medical prescriptions, treatment plans, etc.) that is valuable to cybercriminals. One patient's complete record can be sold for

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

hundreds of dollars on the dark web. As such, Private Information is a valuable commodity for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers and other personal information on a number of underground internet websites.

124. The high value of Private Information to criminals is further evidenced by the prices they will pay for it through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[17] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[18] Criminals can also purchase access to entire company data breaches from $999 to $4,995. [19]

125. Between 2005 and 2019, at least 249 million people were affected by healthcare data breaches.[20] Indeed, during 2019 alone, over 41 million healthcare records were exposed, stolen, or unlawfully disclosed in 505 data breaches.[21] In short, these sorts of data breaches are increasingly common, especially among healthcare systems, which account for 30.03 percent of overall health data breaches, according to cybersecurity firm Tenable. [22]

126. These criminal activities have and will result in devastating financial

---

[17] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/

[18] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/.

[19] *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/.

[20] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133/.

[21] https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/.

[22] https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches/.

-25-

CONSOLIDATED COMPLAINT

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

and personal losses to Representative Plaintiffs and Class Members. For example, it is believed that certain Private Information compromised in the 2017 Equifax data breach was being used three years later by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiffs and Class Members for the rest of their lives. They will need to remain constantly vigilant.

127. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

128. Identity thieves can use Private Information, such as that of Representative Plaintiffs and Class Members which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

129. The ramifications of Defendant's failure to keep secure Representative Plaintiffs' and Class Members' Private Information are long lasting and severe. Once Private Information is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, Representative Plaintiffs' and Class Members' Private Information was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the Private Information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

130.   There may be a time lag between when harm occurs versus when it is discovered and also between when Private Information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[23]

131.   The harm to Representative Plaintiffs and Class Members is especially acute given the nature of the leaked data. Medical identity theft is one of the most common, most expensive and most difficult-to-prevent forms of identity theft. According to Kaiser Health News, "medical-related identity theft accounted for 43 percent of all identity thefts reported in the United States in 2013," which is more than identity thefts involving banking and finance, the government and the military, or education.[24]

132.   "Medical identity theft is a growing and dangerous crime that leaves its victims with little to no recourse for recovery," reported Pam Dixon, executive director of World Privacy Forum. "Victims often experience financial repercussions and worse yet, they frequently discover erroneous information has been added to their personal medical files due to the thief's activities."[25]

133.   When cybercriminals access financial information, health insurance information and other personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendant may have exposed Representative Plaintiffs and Class Members.

---

[23] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf/.

[24] Michael Ollove, "The Rise of Medical Identity Theft in Healthcare," Kaiser Health News, Feb. 7, 2014, https://khn.org/news/rise-of-indentity-theft/.

[25] *Id.*

134. A study by Experian found that the average total cost of medical identity theft is "about $20,000" per incident, and that a majority of victims of medical identity theft were forced to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[26] Almost half of medical identity theft victims lose their healthcare coverage as a result of the incident, while nearly one-third saw their insurance premiums rise, and 40 percent were never able to resolve their identity theft at all.[27]

135. And data breaches are preventable.[28] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[29] She added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised…."[30]

136. Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules and procedures. Appropriate information security controls, including encryption, must be implemented and enforced in a rigorous and disciplined manner so that a *data breach never occurs*.[31]

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

---

[26] Elinor Mills, "Study: Medical Identity Theft is Costly for Victims," CNET (Mar, 3, 2010), https://www.cnet.com/news/study-medical-identity-theft-is-costly-for-victims/.

[27] *Id*.; see also Healthcare Data Breach: What to Know About them and What to Do After One, EXPERIAN, https://www.experian.com/blogs/ask-experian/healthcare-data-breach-what-to-know-about-them-and-what-to-do-after-one/.

[28] Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012).

[29] *Id.* at 17.

[30] *Id.* at 28.

[31] *Id.*

137. Here, Defendant knew of the importance of safeguarding Private Information and of the foreseeable consequences that would occur if Representative Plaintiffs' and Class Members' Private Information was stolen, including the significant costs that would be placed on Representative Plaintiffs and Class Members as a result of a breach of this magnitude. As detailed above, Defendant knew or should have known that the development and use of such protocols were necessary to fulfill its statutory and common law duties to Representative Plaintiffs and Class Members. Its failure to do so is therefore intentional, willful, reckless and/or grossly negligent.

138. Defendant disregarded the rights of Representative Plaintiffs and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly and/or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions, (ii) failing to disclose that it did not have adequately robust security protocols and training practices in place to adequately safeguard Representative Plaintiffs' and Class Members' Private Information, (iii) failing to take standard and reasonably available steps to prevent the Data Breach, (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time, and (v) failing to provide Representative Plaintiffs and Class Members prompt and accurate notice of the Data Breach.

**FIRST CLAIM FOR RELIEF**
**Negligence**
**(On behalf of the Nationwide Class)**

139. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

140. At all times herein relevant, Defendant owed Representative Plaintiffs and Nationwide Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their Private Information and to use commercially reasonable methods to do so. Defendant took on this obligation upon accepting and

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

storing Representative Plaintiffs' and Nationwide Class Members' Private Information on its computer systems.

141. Among these duties, Defendant was expected:

    a. to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the Private Information in its possession;

    b. to protect Representative Plaintiffs' and Nationwide Class Members' Private Information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

    c. to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

    d. to promptly notify Representative Plaintiffs and Nationwide Class Members of any data breach, security incident or intrusion that affected or may have affected their Private Information.

142. Defendant knew that the Private Information was private and confidential and should be protected as private and confidential and, thus, Defendant owed a duty of care not to subject Representative Plaintiffs and Nationwide Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

143. Defendant knew or should have known of the risks inherent in collecting and storing Private Information, the vulnerabilities of its data security systems and the importance of adequate security. Defendant knew about numerous, well-publicized data breaches.

144. Defendant knew or should have known that its data systems and networks did not adequately safeguard Representative Plaintiffs' and Nationwide Class Members' Private Information.

145. Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the Private Information that Representative Plaintiffs and Nationwide Class Members had entrusted to it.

146. Defendant breached its duties to Representative Plaintiffs and Nationwide Class Members by failing to provide fair, reasonable or adequate

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

CONSOLIDATED COMPLAINT

computer systems and data security practices to safeguard Representative Plaintiffs' and Nationwide Class Members' Private Information.

147. Because Defendant knew that a breach of its systems could damage thousands of individuals, including Representative Plaintiffs and Nationwide Class Members, Defendant had a duty to adequately protect its data systems and the Private Information contained thereon.

148. Representative Plaintiffs' and Nationwide Class Members' willingness to entrust Defendant with its Private Information was predicated on the understanding that Defendant would take adequate security precautions. Moreover, only Defendant had the ability to protect its systems and the Private Information it stored on them from attack. Thus, Defendant had a special relationship with Representative Plaintiffs and Nationwide Class Members.

149. Defendant also had independent duties under state and federal laws that required Defendant to reasonably safeguard Representative Plaintiffs' and Nationwide Class Members' Private Information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendant and Representative Plaintiffs and/or the remaining Nationwide Class Members.

150. Defendant breached its general duty of care to Representative Plaintiffs and Nationwide Class Members in, but not necessarily limited to, the following ways:

    a.    by failing to provide fair, reasonable or adequate computer systems and data security practices to safeguard Representative Plaintiffs' and Nationwide Class Members' Private Information;

    b.    by failing to timely and accurately disclose that Representative Plaintiffs' and Nationwide Class Members' Private Information had been improperly acquired or accessed;

    c.    by failing to adequately protect and safeguard the Private Information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Information;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

CONSOLIDATED COMPLAINT

d. by failing to provide adequate supervision and oversight of the Private Information with which it was and is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather Representative Plaintiffs' and Nationwide Class Members' Private Information, misuse the Private Information and intentionally disclose it to others without consent;

e. by failing to adequately train its employees to not store Private Information longer than absolutely necessary;

f. by failing to consistently enforce security policies aimed at protecting Representative Plaintiffs' and the Nationwide Class Members' Private Information;

g. by failing to implement processes to quickly detect data breaches, security incidents or intrusions; and

h. by failing to encrypt Representative Plaintiffs' and Nationwide Class Members' Private Information and monitor user behavior and activity in order to identify possible threats.

151. Defendant's willful failure to abide by these duties was wrongful, reckless and/or grossly negligent in light of the foreseeable risks and known threats.

152. As a proximate and foreseeable result of Defendant's grossly negligent conduct, Representative Plaintiffs and Nationwide Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

153. The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the Private Information to Representative Plaintiffs and Nationwide Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their Private Information.

154. Defendant breached its duty to notify Representative Plaintiffs and Nationwide Class Members of the unauthorized access by waiting excessively after learning of the Data Breach to notify Representative Plaintiffs and Nationwide Class Members and then by failing and continuing to fail to provide Representative Plaintiffs and Nationwide Class Members sufficient information regarding the breach. To date, Defendant has not provided sufficient information to Representative

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Plaintiffs and Nationwide Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Representative Plaintiffs and Nationwide Class Members.

155. Further, through its failure to provide timely and clear notification of the Data Breach to Representative Plaintiffs and Nationwide Class Members, Defendant prevented Representative Plaintiffs and Nationwide Class Members from taking meaningful, proactive steps to, *inter alia*, secure and/or access their Private Information.

156. There is a close causal connection between Defendant's failure to implement security measures to protect Representative Plaintiffs' and Nationwide Class Members' Private Information and the harm suffered, or risk of imminent harm suffered, by Representative Plaintiffs and Nationwide Class Members. Representative Plaintiffs' and Nationwide Class Members' Private Information was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such Private Information by adopting, implementing and maintaining appropriate security measures.

157. Defendant's wrongful actions, inactions and omissions constituted (and continue to constitute) common law negligence.

158. The damages Representative Plaintiffs and Nationwide Class Members have suffered (as alleged above) and will continue to suffer were and are the direct and proximate result of Defendant's grossly negligent conduct.

159. Additionally, 15 U.S.C. § 45 (FTC Act, Section 5) prohibits "unfair […] practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Private Information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

160. Defendant violated 15 U.S.C. § 45 by failing to use reasonable measures to protect Private Information and not complying with applicable industry

standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of Private Information it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiffs and Nationwide Class Members.

161. As a direct and proximate result of Defendant's negligence, Representative Plaintiffs and Nationwide Class Members have suffered and will continue to suffer injury, including, but not limited to, (i) actual identity theft, (ii) the loss of the opportunity of how their Private Information is used, (iii) the compromise, publication and/or theft of their Private Information, (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their Private Information, (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including, but not limited to, efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft, (vi) lost continuity in relation to their personal records, (vii) the continued risk to their Private Information, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Representative Plaintiffs' and Nationwide Class Members' Private Information in its continued possession, and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiffs and Nationwide Class Members.

162. As a direct and proximate result of Defendant's negligence, Representative Plaintiffs and Nationwide Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to,

CONSOLIDATED COMPLAINT

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

anxiety, emotional distress, loss of privacy and other economic and noneconomic losses.

163. Additionally, as a direct and proximate result of Defendant's negligence, Representative Plaintiffs and Nationwide Class Members have suffered and will continue to suffer the continued risks of exposure of their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Private Information in its continued possession.

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Contract**
**(On behalf of the Nationwide Class)**

164. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

165. Through their course of conduct, Defendant, Representative Plaintiffs and Nationwide Class Members entered into implied contracts for Defendant to implement data security adequate to safeguard and protect the privacy of Representative Plaintiffs' and Nationwide Class Members' Private Information.

166. Defendant solicited, invited and required Representative Plaintiffs and Nationwide Class Members to provide their Private Information as part of Defendant's regular business practices. Representative Plaintiffs and Nationwide Class Members accepted Defendant's offers by, in part, providing their Private Information to Defendant.

167. As a condition of being direct customers and/or employees of Defendant, Representative Plaintiffs and Nationwide Class Members provided and entrusted their Private Information to Defendant. In so doing, Representative Plaintiffs and Nationwide Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such non-public information, to keep such information secure and confidential and to timely and accurately notify Representative Plaintiffs and Nationwide Class Members if its data

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

had been breached and compromised or stolen.

168. A meeting of the minds occurred when Representative Plaintiffs and Nationwide Class Members agreed to, and did, provide their Private Information to Defendant, in exchange for, amongst other things, the protection of their Private Information.

169. Representative Plaintiffs and Nationwide Class Members fully performed their obligations under the implied contracts with Defendant.

170. Defendant breached the implied contracts it made with Representative Plaintiffs and Nationwide Class Members by failing to safeguard and protect their Private Information and by failing to provide timely and accurate notice to them that their Private Information was compromised as a result of the Data Breach.

171. As a direct and proximate result of Defendant's above-described breach of implied contract, Representative Plaintiffs and Nationwide Class Members have suffered and will continue to suffer (i) ongoing, imminent and impending threat of identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm, (ii) actual identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm, (iii) loss of the confidentiality of the stolen confidential data, (iv) the illegal sale of the compromised data on the dark web, (v) lost work time, and (f) other economic and noneconomic harm.

### THIRD CLAIM FOR RELIEF
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (On behalf of the Nationwide Class)

172. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth therein.

173. Every contract in this State has an implied covenant of good faith and fair dealing. This implied covenant is an independent duty and may be breached even when there is no breach of a contract's actual and/or express terms.

174. Representative Plaintiffs and Nationwide Class Members have complied with and performed all conditions of their contracts with Defendant.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

175. Defendant breached the implied covenant of good faith and fair dealing by failing to maintain adequate computer systems and data security practices to safeguard Private Information, failing to timely and accurately disclose the Data Breach to Representative Plaintiffs and Nationwide Class Members and continued acceptance of Private Information and storage of other personal information after Defendant knew or should have known of the security vulnerabilities of the systems that were exploited in the Data Breach.

176. Defendant acted in bad faith and/or with malicious motive in denying Representative Plaintiffs and Nationwide Class Members the full benefit of their bargains as originally intended by the parties, thereby causing them injury in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**California Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On behalf of the California Subclass)**

177. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

178. Defendant is a "person" as defined by Cal. Bus. & Prof. Code §17201.

179. Defendant violated Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL") by engaging in unlawful, unfair and deceptive business acts and practices.

180. Defendant's "unfair" acts and practices include:

a. Defendant's failure to implement and maintain reasonable security measures to protect Representative Plaintiffs' and California Subclass Members' Private Information from unauthorized disclosure, release, data breaches and theft, which was a direct and proximate cause of the Data Breach. Defendant failed to identify foreseeable security risks, remediate identified security risks and adequately maintain and/or improve security following previous cybersecurity incidents. This conduct, with little if any utility, is unfair when weighed against the harm to Representative Plaintiffs and California Subclass Members, whose Private Information has been compromised;

b. Defendant's failure to implement and maintain reasonable security measures, which was contrary to legislatively declared public policy that seeks to protect consumers' data and ensure

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

that entities that are trusted with it use appropriate security measures. These policies are reflected in laws, including the FTC Act (15 U.S.C. § 45, *et seq.*);

    c.    Defendant's failure to implement and maintain reasonable security measures, which also leads to substantial consumer injuries, as described above, that are not outweighed by any countervailing benefits to consumers or competition. Moreover, because consumers could not know of Defendant's inadequate security, consumers could not have reasonably avoided the harms that Defendant caused; and

    d.    Engaging in unlawful business practices by violating Cal. Civ. Code § 1798.82.

181.    Defendant has engaged in "unlawful" business practices by violating multiple laws, including California's Consumer Records Act, Cal. Civ. Code §§ 1798.81.5 (requiring reasonable data security measures) and 1798.82 (requiring timely breach notification), the FTC Act, 15 U.S.C. § 45, *et seq.,* and California common law.

182.    Defendant's unlawful, unfair and deceptive acts and practices include:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Representative Plaintiffs' and California Subclass Members' Private Information, which was a direct and proximate cause of the Data Breach;

    b.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks and adequately maintain and/or improve security and privacy measures, which was a direct and proximate cause of the Data Breach;

    c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Representative Plaintiffs' and California Subclass Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.,* which was a direct and proximate cause of the Data Breach;

    d.    Misrepresenting that it would protect the privacy and confidentiality of Representative Plaintiffs' and California Subclass Members' Private Information, including by implementing and maintaining reasonable security measures;

    e.    Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Representative Plaintiffs' and California Subclass Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-38-
CONSOLIDATED COMPLAINT

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

f.   Omitting, suppressing and concealing the material fact that it did not reasonably or adequately secure Representative Plaintiffs' and California Subclass Members' Private Information; and

g.   Omitting, suppressing and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Representative Plaintiffs' and California Subclass Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*

183.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Private Information.

184.   As a direct and proximate result of Defendant's unfair, unlawful and fraudulent acts and practices, Representative Plaintiffs and California Subclass Members were injured and lost money or property, including the price received by Defendant for its goods and services, monetary damages from fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft and loss of value of their Private Information.

185.   Defendant acted intentionally, knowingly and maliciously to violate California's Unfair Competition Law and recklessly disregarded Representative Plaintiffs' and California Subclass Members' rights.

186.   Representative Plaintiffs and California Subclass Members seek all monetary and nonmonetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful and fraudulent business practices or use of their Private Information, declaratory relief, reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5, injunctive relief and other appropriate equitable relief.

**FIFTH CLAIM FOR RELIEF**
**Violations of the California Consumer Privacy Act ("CCPA")**
**Cal. Civ. Code § 1798.150**
**(On behalf of the California Subclass)**

187. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

188. Defendant violated the CCPA by providing notice after 106 days—whereas the CCPA requires disclosure "within 30 calendar days of discovery or notification of the data breach." Cal. Civ. Code § 1798.82(a)(2)(A).

189. Defendant violated California Civil Code § 1798.150 of the CCPA by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the nonencrypted Private Information of Representative Plaintiffs and the California Subclass. As a direct and proximate result, Representative Plaintiffs' and the California Subclass's nonencrypted and nonredacted Private Information was subject to unauthorized access and exfiltration, theft, or disclosure.

190. Defendant is a "business" under the meaning of Civil Code § 1798.140 because Defendant is a "corporation, association, or other legal entity that is organized or operated for the profit or financial benefit of its shareholders or other owners" that "collects consumers' personal information" and is active "in the State of California" and "had annual gross revenues in excess of twenty-five million dollars ($25,000,000) in the preceding calendar year." Civ. Code § 1798.140(d).

191. Representative Plaintiffs and California Subclass Members seek injunctive or other equitable relief to ensure Defendant hereinafter adequately safeguards Private Information by implementing reasonable security procedures and practices. Such relief is particularly important because Defendant continues to hold Private Information, including Representative Plaintiffs' and California Subclass Members' Private Information. Representative Plaintiffs and California Subclass Members have an interest in ensuring that their Private Information is reasonably

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

protected, and Defendant has demonstrated a pattern of failing to adequately safeguard this information.

192. Pursuant to California Civil Code § 1798.150(b), one or more Representative Plaintiffs mailed a CCPA notice letter to Defendant's registered service agents, detailing the specific provisions of the CCPA that Defendant has violated and continues to violate. If Defendant cannot cure within 30 days—and Representative Plaintiffs believe such cure is not possible under these facts and circumstances—then Representative Plaintiffs intend to promptly amend this Complaint to seek statutory damages as permitted by the CCPA.

193. As described herein, an actual controversy has arisen and now exists as to whether Defendant implemented and maintained reasonable security procedures and practices appropriate to the nature of the information so as to protect the personal information under the CCPA.

194. A judicial determination of this issue is necessary and appropriate at this time under the circumstances to prevent further data breaches by Defendant.

**SIXTH CLAIM FOR RELIEF**
**Violation of the California Customer Records Act**
**Cal. Civ. Code § 1798.80, *et seq.***
**(On behalf of the California Subclass)**

195. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

196. Under the California Customer Records Act, any "person or business that conducts business in California, and that owns or licenses computerized data that includes personal information" must "disclose any breach of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person." Cal. Civ. Code § 1798.82. The disclosure must "be made in the most expedient time possible and without unreasonable delay" but disclosure must occur "immediately following

discovery [of the breach], if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." *Id*. (emphasis added).

197. The Data Breach constitutes a "breach of the security system" of Defendant.

198. An unauthorized person acquired the personal, unencrypted information of Representative Plaintiffs and the California Subclass.

199. Defendant knew that an unauthorized person had acquired the personal, unencrypted information of Representative Plaintiffs and the California Subclass but waited approximately 106 days to notify them. Given the severity of the Data Breach, this was an unreasonable delay.

200. Defendant's unreasonable delay prevented Representative Plaintiffs and the California Subclass from taking appropriate measures from protecting themselves against harm.

201. Because Representative Plaintiffs and the California Subclass were unable to protect themselves, they suffered incrementally increased damages that they would not have suffered with timelier notice.

202. Representative Plaintiffs and the California Subclass are entitled to equitable relief and damages in an amount to be determined at trial.

## RELIEF SOUGHT

**WHEREFORE,** Representative Plaintiffs, on Representative Plaintiffs' own behalf and on behalf of each member of the proposed National Class, the California Subclass and any proposed subclass(es), respectfully requests that the Court enter judgment in favor of Representative Plaintiffs and the Classes and for the following specific relief against Defendant as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed Classes and/or any other appropriate Subclasses under Federal Rules of Civil Procedure Rule 23 (b)(1), (b)(2), and/or

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

(b)(3), including appointment of Representative Plaintiffs' counsel as Class Counsel;

2.      For an award of damages, including actual, nominal and consequential damages, as allowed by law in an amount to be determined;

3.      That the Court enjoin Defendant, ordering it to cease and desist from unlawful activities;

4.      For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiffs' and Class Members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to Representative Plaintiffs and Class Members;

5.      For injunctive relief requested by Representative Plaintiffs, including, but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiffs and Class Members, including, but not limited to, an Order:

a.      prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

b.      requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards and federal, state or local laws;

c.      requiring Defendant to delete and purge Representative Plaintiffs' and Class Members' Private Information unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiffs and Class Members;

d.      requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiffs' and Class Members' Private Information;

e.      requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests and audits on Defendant's systems on a periodic basis;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-43-
CONSOLIDATED COMPLAINT

f.  prohibiting Defendant from maintaining Representative Plaintiffs' and Class Members' Private Information on a cloud-based database;

g.  requiring Defendant to segment data by creating firewalls and access controls so that if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

h.  requiring Defendant to conduct regular database scanning and securing checks;

i.  requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling Private Information, as well as protecting the Private Information of Representative Plaintiffs and Class Members;

j.  requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs and systems for protecting personal identifying information;

k.  requiring Defendant to implement, maintain, review and revise as necessary a threat management program to appropriately monitor Defendant's networks for internal and external threats, and assess whether monitoring tools are properly configured, tested and updated; and

l.  requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.  For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.  For an award of attorneys' fees, costs and litigation expenses, as allowed by law; and

8.  For all other Orders, findings and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiffs, individually and on behalf of the Plaintiff Classes

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-44-
CONSOLIDATED COMPLAINT

hereby demands a trial by jury for all issues triable by jury.

Dated: April 3, 2026                    By:     */s/ Scott Edward Cole*

Scott Edward Cole, Esq. (CA S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12ᵗʰ Street, Suite 2100
Oakland, California 94607
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030
Email:          sec@colevannote.com
Email:          lvn@colevannote.com
Email:          mtf@colevannote.com
Email:          legaldept@colevannote.com

*Attorneys for Representative Plaintiff*
*Hartman and the Plaintiff Classes*

Andrew G. Gunem (No. 354042)
agunem@straussborrelli.com
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
2261 Market Street, Ste 22946
San Francisco, California 94114
T: (872) 263-1100
F: (872) 263-1109

*Attorneys for Representative Plaintiff*
*Denney and Plaintiff Wieand and the*
*Plaintiff Classes*

Jason M. Wucetich (CA S.B. #222113)
jason@wukolaw.com
Dimitrios V. Korovilas (CA S.B. # 247230)
dimitri@wukolaw.com
**WUCETICH & KOROVILAS LLP**
222 N. Pacific Coast Hwy., Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201

*Attorneys for Representative Plaintiff*
*Rutledge and the Plaintiff Classes*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-45-
CONSOLIDATED COMPLAINT

**MILBERG, PLLC**
John J. Nelson (SBN # 317598)
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Phone: (858) 209-6941
Email: jnelson@milberg.com

**CHESTNUT CAMBRONNE PA**
Bryan L. Bleichner (CAL BAR # 220340)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Email: bbleichner@chesnutcambronne.com

*Attorneys for Representative Plaintiff*
*Hernandez and the Plaintiff Classes*

Eric Lechtzin (I.D. # 248958)
Marc H. Edelson (Pro Hac Vice anticipated)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300 Newtown,
PA 18940 Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com
medelson@edelson-law.com

*Attorneys for Representative Plaintiff Winer*
*and the Plaintiff Classes*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-46-
CONSOLIDATED COMPLAINT

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## CERTIFICATE OF SERVICE

I hereby certify that, on April 3, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF and via email on the following person(s):

Andrew G. Gunem (No. 354042)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
2261 Market Street, Ste 22946
San Francisco, California 94114
Email: agunem@straussborrelli.com

*Attorneys for Representative Plaintiff Denney and Plaintiff Wieand and the Plaintiff Classes*

Jason M. Wucetich (CA S.B. #222113)
Dimitrios V. Korovilas (CA S.B. # 247230)
**WUCETICH & KOROVILAS LLP**
222 N. Pacific Coast Hwy., Suite 2000
El Segundo, CA 90245
Email: jason@wukolaw.com
Email: dimitri@wukolaw.com

*Attorneys for Representative Plaintiff Rutledge and the Plaintiff Classes*

**MILBERG, PLLC**
John J. Nelson (SBN # 317598)
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Email: jnelson@milberg.com

**CHESTNUT CAMBRONNE PA**
Bryan L. Bleichner (CAL BAR # 220340)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Email: bbleichner@chesnutcambronne.com

*Attorneys for Representative Plaintiff Hernandez and the Plaintiff Classes*

CONSOLIDATED COMPLAINT

Eric Lechtzin (I.D. # 248958)
Marc H. Edelson (Pro Hac Vice anticipated)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Email: elechtzin@edelson-law.com
Email: medelson@edelson-law.com

*Attorneys for Representative Plaintiff Winer and the Plaintiff Classes*

Sean P. Killeen
**Baker and Hostetler LLP**
Transamerica Pyramid Center
600 Montgomery Street, Suite 31
San Francisco, CA 94111
Email: skilleen@bakerlaw.com

*Attorneys for Defendant*

/s/ *Scott Edward Cole*
Scott Edward Cole

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-48-
CONSOLIDATED COMPLAINT